### ROLKER v. GONZALEZ.

(Supreme Court, Appellate Division, Second Department. July 7, 1898.)

LIBEL—ANSWER—MOTION TO MAKE MORE DEFINITE.

In an action for libel, a copy of the defamatory publication was alleged in paragraph 4 of the complaint to be annexed thereto; and in an answer the defendant admitted that he wrote and caused to be published "an article partly like, and partly unlike, that set forth in paragraph four of the complaint," but denied that it was defamatory or malicious, or that he had any other knowledge or information sufficient to form a belief as to any of the allegations in paragraph 4. *Held*, that the plaintiff was entitled to have this portion of the answer made more definite and certain, either by pointing out just what parts of the article the defendant did write and publish, or by annexing to the answer a copy of the article composed by him.

Appeal from special term, Kings county.

Action by John H. Rolker against Jose Q. Gonzalez. From an order denying a motion for an order directing defendant to make the answer more definite and certain, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Cephas Brainerd, Jr., for appellant.
Willis B. Dowd, for respondent.

PER CURIAM. This is an action for libel. By paragraph 4 of the complaint the defamatory publication is alleged to have been made at the city of Caracas, in Venezuela, and a copy thereof is alleged in said paragraph to be annexed to the complaint. In the answer the defendant admits that he wrote and caused to be published in a news-paper at Caracas, in Venezuela, "an article partly like, and partly unlike, that set forth in paragraph 4 of the complaint," but denies that the same was defamatory, or composed, written, or published maliciously. He further denies "that he has any knowledge or information sufficient to form a belief as to any of the allegations in paragraph 4 of the complaint except as before admitted or denied." We think the plaintiff is entitled to have this portion of the answer made more definite and certain. The precise meaning of the statement

that the defendant wrote and caused to be published an article partly like, and partly unlike, that referred to in the complaint, is certainly not apparent.   It is impossible for the plaintiff to ascertain from the answer what part of the article the defendant intends to admit having written or published, and what part he intends to deny having written or published.   The answer ought to be made more specific in this respect, either by pointing out definitely just what parts of the article the defendant did write and cause to be published, or by annexing to the answer a copy of the composition for which he is willing to assume responsibility.

The order should be reversed, and the motion granted, to the extent indicated in this opinion.

Order reversed, with $10 costs and disbursements, and motion granted to the extent indicated in opinion.